UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**MICHAEL SIZEMORE**, *et al.,* on behalf of
themselves and all others similarly situated,

      *Plaintiffs,*

v.

**CRISTIANO RONALDO,**

      *Defendant.*
_____/

CASE NO. 1:23-cv-24481

**PLAINTIFFS' MOTION TO SERVE DEFENDANT CRISTIANO RONALDO WITH PROCESS THROUGH ALTERNATE MEANS**

Plaintiffs, pursuant to Federal Rule of Civil Procedure 4(f)(3), request an Order authorizing Plaintiffs to serve Defendant Cristiano Ronaldo ("Ronaldo") pursuant to the "Service Plan" discussed below.[1]

**I.    BACKGROUND**[2]

Cristiano Ronaldo is a world-renowned soccer player who captains the Saudi Pro League club Al Nassr and Portugal's National Football Team, and holds the record as the highest goal scorer of all time. Kaye Decl. ¶ 2 (citing ECF No. 1, ¶ 268).

Most recently, Ronaldo was known to reside at the Four Seasons Hotel Riyadh At Kingdom Center in Saudi Arabia. Kaye Decl. ¶ 3 (citing ECF No. 1-2). However, Ronaldo reportedly owns homes in Madeira, Madrid, Marbella, La Finca, Lisbon, and Torino. (https://firstsportz.com/football-where-is-cristiano-ronaldo-living-in-saudi-arabia/, Accessed December 4, 2023). *Id.*

Thus, Ronaldo's address is currently unknown, though it is clear he does not reside within the United States. Kaye Decl. ¶ 4.

Twitter is an available means of serving Defendant Ronaldo. Kaye Decl. ¶ 10. Ronaldo is active on his Verified Twitter Account, @Cristiano, posting on an almost daily basis. *Id.*

---

[1] No counsel for Ronaldo has yet appeared in this action.
[2] Attached as **Exhibit 1** to this Motion is the supporting declaration of Joseph M. Kaye ("Kaye Decl."), citations to which include the referenced exhibits therein.

Defendant is also able to receive notice through domestic counsel representing him in other federal litigation currently pending in the United States. Defendant is also currently represented by Peter S. Christiansen, Esq. (pete@christiansenlaw.com), and Keely Perdue Chippoletti, Esq. (keely@christiansenlaw.com), of the law firm Christiansen Trial Lawyers, in connection with litigation pending in the District of Nevada and a related appeal to the Ninth Circuit Court of Appeals in *Mayorga v. Ronaldo*, No. 22-16009 (9th Cir.). Kaye Decl. ¶ 6. Plaintiffs' Counsel reached out to Mr. Christiansen and Ms. Chippoletti by email with Notice of Commencement of Action and Request for Waiver of Service forms, along with a copy of the complaint in this action, asking them to sign (or have Mr. Ronaldo sign), date, and return the waiver so we may proceed with the litigation, or if they will not be representing Mr. Ronaldo in this action, to please advise as to who will and how we may reach them. *Id.* They advised that they are not representing Mr. Ronaldo in this action and are not aware of who will. They provided no further response or confirmation as to Mr. Ronaldo's whereabouts or who will be representing him in this action. *Id.*

Defendant is also able to receive notice of this action through website posting. Kaye Decl. ¶ 7. Plaintiffs' counsel has created a dedicated website, located at https://moskowitz-law.com/binance-unregistered-securities-class-action (the "Service Website"), where Plaintiffs will post copies of the Complaint and all other pleadings, documents, and orders on file in this action, such that anyone accessing the website will find copies of all documents filed in this action. *Id.* The address for this website will be sent to Defendant's Twitter account as well as to the counsel that are currently representing them in the CFTC Action as part of service of process in this matter.

The Hague Convention does not preclude service by e-mail, through social media, or through publication on a website. Kaye Decl. ¶ 8. Additionally, according to Article 1 of the Hague Convention, "[the] convention shall not apply where the address of the person to be served with the document is not known." *Id.* Ireland, France, and the Cayman Islands are Hague signatories but they do not object to service by email, through social media, or through publication on a website. *Id.*

II.     **ARGUMENT**

Rule 4(h)(2) for the Federal Rules of Civil Procedure (the "Rules") describes the various ways in which plaintiff may serve foreign entities and incorporates the service methods set forth in Rule 4(f). *Chengdu Jiechen Tech. Ltd. v. Trobing-US*, 21-61020-CIV, 2021 WL 10382802, at *1 (S.D. Fla. Aug. 10, 2021) (Altman, J.). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited by international agreement, as the court orders." *Id.* Notably, alternative methods of service under Rule 4(f)(3) are available without first attempting

service by other means. *Id.* (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Id.* (citing *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003))); *see also Karsten Mfg. Corp. v. Store*, No. 18-CIV-61624, 2018 WL 8060707, at *1 (S.D. Fla. July 26, 2018) (authorizing alternative service of process via e-mail and digital publication).

Alternative service of process under Rule 4(f)(3) is warranted here, and may be effected according to the following Service Plan.

**First**, service by e-mail, through social media, or through publication on a website is not prohibited under international agreement in this case.

Spain, Portugal, and Italy are signatories to The Hague Convention, which does not specifically preclude service by e-mail or publication. *See Karsten*, 2018 WL 8060707, at *1. Where a signatory nation has objected to the alternative means of service provided by Section 10 of The Hague Convention, that objection is expressly limited to those means listed in the objection and does not represent a blanket objection to other forms of service, such as e-mail or publication. *See Chengdu Jiechen Tech. Ltd.*, 2021 WL 10382802, at *1 (authorizing service by e-mail and publication) (citing *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv- 20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (authorizing service by e-mail)). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Karsten*, 2018 WL 8060707, at *2 (citing *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011)). Additionally, according to Article 1 of The Hague Convention, "[the] convention shall not apply where the address of the person to be served with the document is not known."

Moreover, while Saudi Arabia is not a Hague signatory, Plaintiffs' counsel's search has yielded no authority holding that international agreement prohibits service by email, through social media, or through publication on a website in Saudi Arabia. On the contrary, courts have previously authorized service through these means. *See, e.g., de Leon v. Abudawood,* No. 818CV01030, 2018 WL 6321632, at *3 (C.D. Cal. Oct. 23, 2018) (recognizing that there is no international agreement that prohibits alternate methods of service in Saudi Arabia and authorizing service under Rule 4(f)(3) on several defendants through email and FedEx); *see also Richemont*

*Int'l SA v. Cartierclone.com*, No. 23-CV-60536, 2023 WL 5658885, at *2 (S.D. Fla. Mar. 23, 2023) (authorizing service by email and publication on a website to defendants in various countries, including Saudi Arabia); *Aljabri v. Al Saud,* No. CV 20-2146, 2021 WL 6775587, at *2 (D.D.C. Feb. 12, 2021) (authorizing service by WhatsApp message, Signal message, and mail to defendants in Saudi Arabia); *Oueiss v. Al Saud*, No. 1:20-CV-25022, 2021 WL 5088942, at *8 (S.D. Fla. Jan. 18, 2021) (authorizing service by FedEx, mail, email, Twitter, and Saudi 24 TV to defendants in Saudi Arabia); *DE Gazelle Grp., Inc. v. Tamaz Trading Establishment*, No. 613CV1430, 2014 WL 12639865, at *2 (M.D. Fla. Mar. 19, 2014) (authorizing service by FedEx to defendant in Saudi Arabia); *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 CIV. 9641, 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (authorizing service by mail to defendant in Saudi Arabia).

Accordingly, service by e-mail, through social media, or through publication on a website does not violate an international agreement.

**Second**, Plaintiffs' proposed Service Plan is reasonably calculated to give notice to the foreign Defendant. Plaintiffs have created a dedicated website to post the relevant case materials for the sole purpose of providing notice of this action to the Defendant, the address to which will be provided to not only the Verified Twitter Accounts of Defendant Ronaldo, which he uses on a daily basis, but also to the email addresses of the domestic counsel who currently represent Mr. Ronaldo in other federal litigation pending in the United States. Therefore, service via e-mail, through social media, and through publication on the dedicated website is "reasonably calculated, under all circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections." *Chengdu Jiechen Tech. Ltd.*, 2021 WL 10382802, at *1 (citing *Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1). Thus, the Court should exercise its discretion to allow service on Defendant Ronaldo in accordance with Plaintiffs' proposed Service Plan, through e-mail, through social media, and through publication on the dedicated website.

III. **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court grant this Motion and authorize service of process upon Defendant Ronaldo in this Action according to the following Service Plan:[3]

1. Via website posting by posting a copy of the Complaint and other relevant filings in this matter on the Service Website, located at https://moskowitz-law.com/sizemorevronaldo;

---

[3] A Proposed Order accompanies this Motion as **Exhibit 2**.

2. Via Twitter through posting the URL to the Service Website on The Moskowitz Law Firm Twitter account @Moskowitzesq, and tagging @Cristiano; and

3. Via email through emailing the Complaint and URL to the Service Website to the counsel currently representing Defendant Ronaldo in federal litigation pending in the Ninth Circuit, namely Peter S. Christiansen, Esq. (pete@christiansenlaw.com), and Keely Perdue, Esq. (keely@christiansenlaw.com)

Should the Court grant this Motion, the Court may wish to hold a status conference. Plaintiffs will serve notice of such a status conference to Defendant through the same Service Plan outlined above.

Dated: January 16, 2024                             Respectfully submitted,

| **By:** */s/ Adam Moskowitz* <br> Adam M. Moskowitz <br> Florida Bar No. 984280 <br> Joseph M. Kaye <br> Florida Bar No. 117520 <br> Barbara C. Lewis <br> Florida Bar No. 118114 <br> **THE MOSKOWITZ LAW FIRM, PLLC** <br> 2 Alhambra Plaza, Suite 601 <br> Coral Gables, FL 33134 <br> Telephone: (305) 740-1423 <br> adam@moskowitz-law.com <br> joseph@moskowitz-law.com <br> barbara@moskowitz-law.com <br> service@moskowitz-law.com <br><br> *Co-Counsel for Plaintiffs and the Class* | **By:** */s/ Stephen Neal Zack* <br> Stephen Neal Zack <br> Florida Bar No. 145215 <br> Tyler Ulrich <br> Florida Bar No. 94705 <br> **BOIES SCHILLER FLEXNER LLP** <br> 100 SE 2nd St., Suite 2800 <br> Miami, FL 33131 <br> Office: 305-539-8400 <br> szack@bsfllp.com <br> tulrich@bsfllp.com <br><br> *Co-Counsel for Plaintiffs and the Class* |
|---|---|
| **By:** */s/ Jose M. Ferrer* <br> José M. Ferrer <br> Florida Bar No. 173746 <br> Desiree Fernandez <br> Florida Bar No. 119518 <br> **MARK MIGDAL & HAYDEN** <br> Brickell City Tower <br> 80 SW 8th Street, Suite 1999 <br> Miami, FL 33130 <br> jose@markmigdal.com <br> desiree@markmigdal.com <br> eservice@markmigdal.com <br><br> *Co-Counsel for Plaintiffs and the Class* | **By:** */s/ Kerry J. Miller* <br> Kerry J. Miller <br> (*pro hac vice*) <br> Molly L. Wells <br> (*pro hac vice*) <br> C. Hogan Paschal <br> (*pro hac vice*) <br> **FISHMAN HAYGOOD L.L.P.** <br> 201 St. Charles Avenue, 46th Floor <br> New Orleans, Louisiana 70170-4600 <br> (504) 586-5252; (504) 586-5250 fax <br> kmiller@fishmanhaygood.com <br> mwells@fishmanhaygood.com <br> hpaschal@fishmanhaygood.com |

|  | *Co-Counsel for Plaintiffs and the Class* |
|---|---|

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the forgoing was filed on January 16, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
