# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**MICHAEL SIZEMORE**, *et al.,* on behalf of themselves and all others similarly situated,

   *Plaintiffs,*

v.

**CRISTIANO RONALDO,**

   *Defendant.*

_____/

CASE NO. 1:23-cv-24481

**[*PROPOSED*] ORDER GRANTING
PLAINTIFFS' MOTION TO SERVE DEFENDANT CRISTIANO RONALDO WITH
PROCESS THROUGH ALTERNATE MEANS**

  **THIS MATTER** came before the Court on Plaintiffs' Motion to Serve Defendant, Cristiano Ronaldo, with Process Through Alternate Means (the "Motion") [ECF No. __]. Plaintiffs allege that Defendant utilizes electronic means as reliable forms of contact, and is currently represented by U.S.-based counsel in in connection with litigation pending in the District of Nevada and a related appeal to the Ninth Circuit Court of Appeals in *Mayorga v. Ronaldo*, No. 22-16009 (9th Cir.). Therefore, the Plaintiff seeks to serve the Defendants through e-mail, through social media, and through publication on a dedicated website, located at https://moskowitz-law.com/sizemorevronaldo (the "Service Website"). The Court has carefully considered the Motion, the record, and the applicable law.

  Rule 4(h)(2) for the Federal Rules of Civil Procedure (the "Rules") describes the various ways in which plaintiffs may serve foreign entities and incorporates the service methods set forth in Rule 4(f). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited by international agreement, as the court orders." Notably, alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire*

*Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

For the following reasons, the Court finds that alternative service of process under Rule 4(f)(3) is warranted here.

*First*, the Hague Convention does not specifically preclude service through e-mail, through social media, and through publication on a dedicated website. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where, as here, a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Spain, Portugal, and Italy are signatories to The Hague Convention, and have not objected to such alternate means.

Moreover, while Saudi Arabia is not a Hague signatory, Plaintiffs' counsel's search has yielded no authority holding that international agreement prohibits service by email, through social media, or through publication on a website in Saudi Arabia. On the contrary, courts have previously authorized service through these means. *See, e.g., de Leon v. Abudawood,* No. 818CV01030, 2018 WL 6321632, at *3 (C.D. Cal. Oct. 23, 2018) (recognizing that there is no international agreement that prohibits alternate methods of service in Saudi Arabia and authorizing service under Rule 4(f)(3) on several defendants through email and FedEx); *see also Richemont Int'l SA v. Cartierclone.com*, No. 23-CV-60536, 2023 WL 5658885, at *2 (S.D. Fla. Mar. 23, 2023) (authorizing service by email and publication on a website to defendants in various countries, including Saudi Arabia); *Aljabri v. Al Saud,* No. CV 20-2146, 2021 WL 6775587, at *2 (D.D.C. Feb. 12, 2021) (authorizing service by WhatsApp message, Signal message, and mail to defendants in Saudi Arabia); *Oueiss v. Al Saud*, No. 1:20-CV-25022, 2021 WL 5088942, at *8 (S.D. Fla. Jan. 18, 2021) (authorizing service by FedEx, mail, email, Twitter, and Saudi 24 TV to defendants in

Saudi Arabia); *DE Gazelle Grp., Inc. v. Tamaz Trading Establishment*, No. 613CV1430, 2014 WL 12639865, at *2 (M.D. Fla. Mar. 19, 2014) (authorizing service by FedEx to defendant in Saudi Arabia); *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 CIV. 9641, 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (authorizing service by mail to defendant in Saudi Arabia).

Accordingly, the requested service methods are not prohibited by international agreement.

*Second*, Plaintiffs have identified at least one known form of electronic contact, and Plaintiffs have created a website for the sole purpose of providing notice of this action to the Defendant, the address to which will be provided to the Defendant's Verified Twitter Accounts and the e-mail addresses of his current counsel representing him in other federal litigation pending in the United States. Therefore, service through e-mail, through social media, and through publication on the dedicated Service Website is "reasonably calculated, under all circumstances, to apprise [Defendant] of the pendency of the action and afford them an opportunity to present their objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1. Thus, the Court will exercise its discretion to allow service on the Defendant through e-mail, through social media, and through publication on the dedicated Service Website.

For the foregoing reasons, it is:

**ORDERED AND ADJUDGED** that Plaintiffs' Motion is **GRANTED** as follows:

1. The Court hereby authorizes Plaintiffs to effect service of process upon Defendant Cristiano Ronaldo in this Action by serving the Complaint and all future filings in this action upon each of these Defendants:

   a. Via website posting by posting a copy of the Complaint and other relevant filings in this matter on the Service Website, located at https://moskowitz-law.com/sizemorevronaldo;

   b. Via Twitter through posting the URL to the Service Website on The Moskowitz Law Firm Twitter account @Moskowitzesq, and tagging @Cristiano; and

   c. Via email through emailing the Complaint and URL to the Service Website to the counsel currently representing Defendant Ronaldo in federal litigation pending in the Ninth Circuit, namely Peter S. Christiansen, Esq. (pete@christiansenlaw.com), and Keely Perdue, Esq. (keely@christiansenlaw.com)

**DONE AND ORDERED** in Miami, Florida this _____ day of January, 2024.

*CASE NO. 1:23-cv-24481*

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

4