UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**MICHAEL SIZEMORE**, *et al.,* on behalf of
themselves and all others similarly situated,

    *Plaintiffs,*

v.

CASE NO. 1:23-cv-24481

**CRISTIANO RONALDO,**

    *Defendant.*
_____/

**PLAINTIFFS' MOTION FOR
INTRADISTRICT TRANSFER OF THIS ACTION TO JUDGE ROY K. ALTMAN,
PRESIDING JUDGE OVER EARLIER-FILED, RELATED ACTION**

    Plaintiffs, in accordance with IOP 2.15.00 of the Internal Operating Procedures of the United States District Court for the Southern District of Florida, respectfully move this Honorable Court for an order transferring this action to Judge Roy K. Altman, who is presiding over an earlier-filed and related action, *Michael Sizemore, et al. v Changpeng Zhao, et al.* (Case No. 1:23-cv-21261) (the "*Zhao* Action").[1]

    1.    On March 31, 2023, Plaintiffs filed the *Zhao* Action, and on June 27, 2023, filed the operative complaint alleging claims that Binance's offerings, namely its exchange token ("BNB"), various crypto assets, and its interest-bearing accounts, are unregistered securities, and that Defendants offered, sold, and/or solicited the sale of those unregistered securities, rendering them liable for damages sustained by Plaintiffs and the class members they seek to represent. On November 27, 2023, after further investigation and discovery conducted in the *Zhao* Action, Plaintiffs filed this action, which also relates to Binance's unregistered offerings and their solicitation and sale to Plaintiffs and class members.

    2.    At a status conference Judge Altman held on February 13, 2024, with undersigned counsel in *Dominik Karnas, et al. v Mark Cuban, et al.* (Case No. 22-CV-22538) (the "*Cuban* Action"), a related action regarding the collapse of the Voyager Digital cryptocurrency platform, Judge Altman discussed later-filed related actions filed regarding Voyager Digital and requested

---

[1] Although Plaintiffs filed the Wavier of Service effected by Ronaldo's counsel, [ECF No. 15], Ronaldo has not yet appeared in this action and has until April 25, 2024 to do so.

that undersigned counsel move to transfer those actions to him. Mindful that this related action presents the same issues Judge Altman raised in the *Cuban* Action with respect to the *Zhao* Action, Plaintiffs file this motion.

3. IOP 2.15.00, Transfer of Similar Actions, states that "Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the higher-numbered action or proceeding shall be transferred to the Judge assigned to the lower-numbered action. (See IOP 2.06.00 Transfer of Higher-Numbered Cases)".

4. Many issues in the pending case here are material parts of the *Zhao* Action. For example, the threshold issue of whether Binance's products were unregistered securities prevails in both cases. Both cases relate to Binance's advertisements and promotion of unregistered securities through promoters like Jimmy Butler and Cristiano Ronaldo. Having these issues heard before one Court that has been presiding over them for nearly a year and a half would be an efficient use of judicial resources.

5. Further, there are factual similarities present that arise out of common contracts and business deals. Extensive investigation and discovery in the *Zhao* Action led to uncovering the contracts and documents that form the factual basis for this complaint.

6. Finally, this action is brought by many of the same Plaintiffs and seeks to represent the same class of Binance customers as that already pending in the *Zhao* Action.

## CONCLUSION

Plaintiff's respectfully request a transfer of this case to Judge Altman's docket.

Dated: March 6, 2024                                                  Respectfully submitted,

| By: */s/ Adam Moskowitz* | By: */s/ Stephen Neal Zack* |
|---|---|
| Adam M. Moskowitz | Stephen Neal Zack |
| Florida Bar No. 984280 | Florida Bar No. 145215 |
| Joseph M. Kaye | Tyler Ulrich |
| Florida Bar No. 117520 | Florida Bar No. 94705 |
| Barbara C. Lewis | **BOIES SCHILLER FLEXNER LLP** |
| Florida Bar No. 118114 | 100 SE 2nd St., Suite 2800 |
| **THE MOSKOWITZ LAW FIRM, PLLC** | Miami, FL 33131 |
| 2 Alhambra Plaza, Suite 601 | Office: 305-539-8400 |
| Coral Gables, FL 33134 | szack@bsfllp.com |
| Telephone: (305) 740-1423 | tulrich@bsfllp.com |
| adam@moskowitz-law.com | |

| | |
|---|---|
| joseph@moskowitz-law.com <br> barbara@moskowitz-law.com <br> service@moskowitz-law.com <br><br> *Co-Counsel for Plaintiffs and the Class* | *Co-Counsel for Plaintiffs and the Class* |
| **By:** */s/ Jose M. Ferrer* <br> José M. Ferrer <br> Florida Bar No. 173746 <br> Desiree Fernandez <br> Florida Bar No. 119518 <br> **MARK MIGDAL & HAYDEN** <br> Brickell City Tower <br> 80 SW 8th Street, Suite 1999 <br> Miami, FL 33130 <br> jose@markmigdal.com <br> desiree@markmigdal.com <br> eservice@markmigdal.com <br><br> *Co-Counsel for Plaintiffs and the Class* | **By:** */s/ Kerry J. Miller* <br> Kerry J. Miller <br> (*pro hac vice*) <br> Molly L. Wells <br> (*pro hac vice*) <br> C. Hogan Paschal <br> (*pro hac vice*) <br> **FISHMAN HAYGOOD L.L.P.** <br> 201 St. Charles Avenue, 46th Floor <br> New Orleans, Louisiana 70170-4600 <br> (504) 586-5252; (504) 586-5250 fax <br> kmiller@fishmanhaygood.com <br> mwells@fishmanhaygood.com <br> hpaschal@fishmanhaygood.com <br><br> *Co-Counsel for Plaintiffs and the Class* |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on March 6, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ