# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MICHAEL SIZEMORE, *et al.*, on behalf of
themselves an all others similarly situated,

          *Plaintiffs*,                    CASE NO.: 1:23-cv-24481-RKA

v.

CRISTIANO RONALDO,

          *Defendant*.

_____/

**DECLARATION OF CRISTIANO RONALDO DOS SANTOS AVEIRO
IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

I, Cristiano Ronaldo dos Santos Aveiro, declare as follows:

1.      My name is Cristiano Ronaldo dos Santos Aveiro.  I am over the age of 18 and am competent to make this Declaration.  The information set forth in this Declaration is based on either my personal knowledge or information that I have been provided by my representatives and advisors.

2.      I have reviewed the allegations set out in the Complaint filed by the Plaintiffs in this action and I find many of them to be unfounded and inaccurate.

### My "NFT Memorabilia Collection"

3.      For example, I have not personally entered into any contracts with *any* of the entities specifically identified in footnote 1 of Plaintiffs' Complaint (e.g., Binance Holdings Limited d/b/a Binance.com, Binance Holdings (IE) Limited, Binance (Services) Holdings Limited, BAM Management U.S. Holdings, Inc. and BAM Trading Services Inc d/b/a Binance U.S.).

4.      In May 2022, I contracted with "Binance Investment Co, Ltd." ("BIC Seychelles"), a company incorporated and existing under the laws of the Seychelles, Hash Muse Pte. Ltd. ("Hash Muse"), a company incorporated and existing under the laws of Singapore, and Galler NFT Limited ("Galler"), a company incorporated and existing under the laws of the Seychelles, related to globally sponsoring a unique line of my own personal-image memorabilia as non-fungible tokens ("NFTs").  That agreement was memorialized in a Confidential Sponsorship Agreement (the "Agreement").[1]

---

[1]      This Agreement is subject to a confidentiality provision as it contains highly confidential, business sensitive and personal identifiable information.  As a result, it will be made available to the Court for *in camera* inspection only in the unlikely event that the Court requires to review its terms beyond what I am necessarily disclosing herein.

2

5.       The scope of that Agreement was to provide my image for NFT memorabilia (including unique images, audio, and video of me), and, accordingly, I did not promote any products other than my own personal NFT memorabilia. *See id.* § 1 Definitions: 1.1 ("**Brand Category**' means Non-Fungible Token (NFTs) products").

6.       The Agreement provides that BIC Seychelles shall "not use [my] Image, by any form, in the production, distribution, trading, mining, promotion, marketing, and/or sale of cryptocurrencies." *See id.* § (6)(g).

7.       No party to that Agreement is organized in or incorporated under the laws of the United States of America or more specifically Florida. *See id.* § (1)-(4).

8.       BIC Seychelles, Hash Muse, and Galler each warranted through the Agreement that they were "duly organized, validly existing and in good standing under the laws of their jurisdiction of incorporation" and further that "they have the capacity to enter into this Agreement and perform the obligations arising therefrom, and the performance of Sponsor's obligations hereunder does not conflict with, nor will it cause the Sponsor to be in default of any law, regulation, agreement . . ."). *See id.* § 11.2 (a)-(b).

9.       The Agreement did not design disputes to be resolved in the United States of America or the State of Florida.  As such, the Agreement is not governed by United States or Florida law, but is "governed by and construed in accordance with the laws of England and Wales," where I was residing when I executed it. *Id.* at § 17.7.

10.      The Agreement also provides that "[a]ny dispute, controversy or claim arising out of, in relation to, or directly or indirectly connected with this Agreement (including any matter relating to the implementation, interpretation, enforcement, termination or validity of this Agreement or any of its clauses) shall be settled by arbitration . . . in accordance with the rules of

3

the International Chamber of Commerce International Court of Arbitration" and that "the seat of the arbitration shall be Lisbon." *Id.* at § 17.8.

11.     None of my posts referenced in the Complaint make any references, expressly or impliedly, to Florida or Florida residents.

12.     Moreover, I provide the following additional information:

### No Citizenship or Residence in Florida

13.     I am a citizen of Portugal.

14.     In 2022, at the time I executed the above-referenced Agreement, I was a resident of the United Kingdom and that is the only agreement I have ever executed with BIC Seychelles relating NFT memorabilia promotions and not cryptocurrency products.

15.     I now reside in the Kingdom of Saudi Arabia.

16.     I am not and have never been a citizen of the State of Florida or the United States.

17.     I am not and have never been a resident of the State of Florida.

18.     I am not registered to vote in Florida.

### No Property Interests in Florida

19.     I do not operate, conduct, engage in, or carry any personal business or business venture in the State of Florida.

20.     I do not own any shares of a Florida Limited Liability Company.

21.     I do not own any real property in the State of Florida.

22.     I do not lease any property in the State of Florida.

23.     I do not maintain any personal office or agency in the State of Florida.

4

24.    I do not have any personal employees, representatives, or agents in the State of Florida.

25.    I do not have a telephone number in the State of Florida.

26.    I do not pay taxes in the state of Florida.

### *No Florida Licenses or Registrations*

27.    I do not have a Florida-registered vehicle or Florida driver's license.

28.    I do not hold any professional licenses in Florida.

29.    I do not have any licenses or permits for any purpose related to conducting business in Florida.

### *No Florida Contacts*

30.    I do not know and, to my knowledge, have never met, the named Plaintiffs in this action.

31.    I have not personally entered into any contracts or dealings with any individual, entity, or organization located within Florida.

32.    I have not executed any business agreements in Florida, governed by Florida law, with a Florida corporation, or which to the extent of my knowledge include a Florida venue related to Florida business.

33.    I do not have any marketing, sponsorship, or other business agreements with companies organized in the State of Florida.

34.    I do not have any marketing or sponsorship obligations that require my personal presence in the State of Florida.

5

35.     To the extent any separate corporate entity or individual intended to, or ultimately did, target marketing or solicitation particularly to Florida residents, I was not aware that such specific targeted marketing or solicitation of Florida residents would take place.

36.     I do not derive any direct income from the State of Florida related to my NFT memorabilia.

37.     I do not derive any other direct income from the State of Florida.

38.     I have never personally maintained or participated in a lawsuit in the State of Florida.

39.     My most recent visit to Florida was *nearly seven years ago* and it was unrelated to the nature of any of the allegations set forth in the instant lawsuit.


Pursuant to 28 U.S.C. § 1746(1), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.


Executed this 24 day of April, 2024.

Cristiano Ronaldo dos Santos Aveiro

6