UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**MICHAEL SIZEMORE**, *et al.,* on behalf of themselves and all others similarly situated,

    *Plaintiffs,*

v.

**CRISTIANO RONALDO**,

    *Defendant.*

_____/

CASE NO. 1:23-cv-24481

**PLAINTIFFS'** *UNOPPOSED* **MOTION TO STAY PROCEEDINGS PENDING A RULING ON THE MOTIONS TO COMPEL ARBITRATION IN THE RELATED CASE**

Plaintiffs Michael Sizemore, Gordon Lewis, Mikey Vongdara ("Plaintiffs") respectfully move the Court *unopposed* for an order staying this case pending resolution of the "Motions to Compel Arbitration" [ECF Nos. 132 ("BAM Mot."), 134, 135] (collectively, the "Motions to Compel Arbitration") in the first-filed related action, *Sizemore et al. v. Zhao et al.*, No. 23-CV-21261 (S.D. Fla.) (Altman, J.) (the "Related Action"). The Court has already stayed all proceedings in the Related Action pending a ruling on those Motions to Compel Arbitration.

**BACKGROUND**

On November 27, 2023, the Plaintiffs filed a Class Action Complaint and Demand for Jury Trial [ECF No. 1] (the "Complaint") against Defendant Cristiano Ronaldo. The Complaint generally alleges various violations of securities laws, consumer protection laws, civil conspiracy, conversion, and aiding and abetting conversion relating to Cristiano Ronaldo's involvement with the cryptocurrency exchange Binance. On April 25, 2024, the Defendant filed his Motion to Dismiss Plaintiffs' Class Action Complaint, or, in the Alternative, to Compel Arbitration [ECF. No. 29] (the "Motion to Dismiss or Compel Arbitration"), which the Plaintiffs have not yet responded to.

Importantly, the Plaintiffs have been litigating the Related Action since early 2023, and are currently awaiting a ruling from this Court on the Motions to Compel Arbitration in the Related Action, which could significantly impact this case.

## ARGUMENT

"[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances[.]" *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008). "When ruling on a motion to stay pending the resolution of a related case in another forum, district courts must consider both the scope of the stay and the reasons given for the stay." *Prisua Eng'g Corp. v. Samsung Elecs. Co.*, 472 F. Supp. 3d 1183, 1185 (S.D. Fla. 2020) (Moore, J.). While "the court is given considerable leeway in the exercise of its judgment," courts "typically weigh[] the following factors in deciding whether a stay is appropriate: (1) the stage of the litigation; (2) undue prejudice to the nonmoving party; and (3) simplification of the issues in question." *Id.* "Courts also consider whether the totality of the circumstances and the interests of justice favor a stay." *Id.* And more generally, "[a] stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." *Brightstar Corp. v. Euler Hermes World Agency S.A.S.*, 2020 WL 13880659, at *3 (S.D. Fla. Feb. 26, 2020) (Moore, J). In addition to these factors, a decision to stay a proceeding pending the resolution of a related case must not be "immoderate." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000)). Here, all of the factors way in favor of a stay pending the Court's decision on the Motions to Compel Arbitration in *Sizemore et al. v. Zhao et al.*, No. 23-CV-21261 (S.D. Fla.) (Altman, J.).

*First*, the case against Cristano Ronaldo is in its infancy, no discovery has been conducted and the only filings of any substance are the Class Action Complaint [ECF No. 1] and the Defendant's Motion to Dismiss Plaintiffs' Class Action Complaint, or, in the Alternative, to Compel Arbitration [ECF No. 29], which the Plaintiffs have yet to respond to. *See Sompo Japan Ins., Inc. v. JB Hunt Transp.*,

Inc., No. 09 Civ. 23865, 2010 WL 11610312, *2 (S.D. Fla. July 20 2010) 4 (Moore, J.) (stay warranted where discovery had not begun); *see also Prisua Eng'g Corp.*, 472 F. Supp. 3d at 1186 (noting that courts find in favor of a stay where "no significant discovery or trial preparation has taken place") (citing *Juno Therapeutics, Inc. v. Kite Pharma*, No. 17 Civ. 07639, 2018 WL 1470594, at *6 (C.D. Cal. Mar. 8, 2018)).

**Second**, there is no risk of prejudice, and certainly no undue prejudice, to either Party. The Motions to Compel Arbitration in the Related Action are fully briefed and ripe for the Court's review in the near future. *See Brightstar*, 2020 WL 13880659, at *5-6 ("A court may consider the progress of a related action in evaluating the lawfulness of a stay. . . [T]he Court finds the requested duration of the stay to be sufficiently specific, as a decision is expected from the German Arbitration Tribunal relatively soon."). Neither party opposes a stay. Granting a stay in this case would not lead to any significant delays in the litigation process. On the contrary, it would help to narrow the issues at hand and ensure that any future briefings are informed by the Court's decisions on related matters, thereby streamlining the entire process. *See Ali v. 7-Eleven, Inc.*, No. 22 Civ. 20328, 2022 WL 713665, at *2 (S.D. Fla. Mar. 10, 2022) (no prejudice would result from a "brief, albeit indeterminate, stay.").

**Third**, awaiting the resolution of the Motions to Compel Arbitration in the Related Action will not only streamline the issues at hand, the third factor in determining the appropriateness of a stay, but it will also enhance judicial efficiency. By deferring proceedings until the arbitration issue is resolved, it also prevents the parties from potentially having to brief the same issue in both cases. *See, e.g., Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009) (concluding that awaiting a decision that is likely to have a substantial or controlling effect on the claims and issues was an "excellent" reason for staying a case); *Karnas et al. v. McCarter & English, LLP et al.*, Case No. 1:24-cv-20480-RKA (S.D. Fla.) (Altman, J.), ECF No. 11 (staying a recently filed case pending a ruling on a motion to dismiss in a related case since both cases involve similar claims arising from the collapse of Voyager (a cryptocurrency business)).

Finally, the requested stay is not immoderate, given that the Motions to Compel Arbitration in the Related Action are fully briefed. *See Saleh v. Me Bath Spa Experience, LLC,* No. 17 Civ. 62322, 2018 WL 398325, at *2 (S.D. Fla. Jan. 12, 2018) (stay of proceedings pending ruling from appellate court was not immoderate because the appeal was fully briefed and the court had already heard oral arguments).

WHEREFORE, Plaintiffs respectfully request that the Court grant this Motion and issue an order staying the proceedings against Defendant pending a ruling on the Motions to Compel Arbitration in the Related Action.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Plaintiff's Counsel have conferred with Defendant's Counsel in a good faith effort to resolve the issues raised in this Motion and have been asked to reflect the Defendant's position specifically as follows: "The Defendant, Ronaldo, does not oppose the relief requested to stay the case entirely and terminate all deadlines (including discovery)."

Dated: May 3, 2024                                  Respectfully submitted,

| **By: /s/ Adam Moskowitz**<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>Barbara C. Lewis<br>Florida Bar No. 118114<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>3250 Mary Street, Suite 202<br>Coconut Grove, FL 33133<br>Telephone: (305) 740-1423<br>adam@moskowitz-law.com<br>joseph@moskowitz-law.com<br>barbara@moskowitz-law.com<br>service@moskowitz-law.com<br><br>*Co-Counsel for Plaintiffs and the Class* | **By: /s/ Stephen Neal Zack**<br>Stephen Neal Zack<br>Florida Bar No. 145215<br>Tyler Ulrich<br>Florida Bar No. 94705<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd St., Suite 2800<br>Miami, FL 33131<br>Office: 305-539-8400<br>szack@bsfllp.com<br>tulrich@bsfllp.com<br><br>*Co-Counsel for Plaintiffs and the Class* |
| --- | --- |
| **By: /s/ Jose M. Ferrer**<br>José M. Ferrer<br>Florida Bar No. 173746<br>Desiree Fernandez<br>Florida Bar No. 119518<br>**MARK MIGDAL & HAYDEN**<br>Brickell City Tower<br>80 SW 8th Street, Suite 1999<br>Miami, FL 33130<br>jose@markmigdal.com<br>desiree@markmigdal.com<br>eservice@markmigdal.com<br><br>*Co-Counsel for Plaintiffs and the Class* | **By: /s/ Kerry J. Miller**<br>Kerry J. Miller<br>(*pro hac vice*)<br>Molly L. Wells<br>(*pro hac vice*)<br>C. Hogan Paschal<br>(*pro hac vice*)<br>**FISHMAN HAYGOOD L.L.P.**<br>201 St. Charles Avenue, 46th Floor<br>New Orleans, Louisiana 70170-4600<br>(504) 586-5252; (504) 586-5250 fax<br>kmiller@fishmanhaygood.com<br>mwells@fishmanhaygood.com<br>hpaschal@fishmanhaygood.com<br><br>*Co-Counsel for Plaintiffs and the Class* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was served on May 3, 2024, via email to all attorneys of record.

By: /s/ *Adam M. Moskowitz*
ADAM M. MOSKOWITZ